Frank A. Gulotta, J.
This is a motion for leave to serve an amended answer containing two affirmative defenses.
The action is an ordinary automobile accident case in which the plaintiff Parillo is attempting to recover from defendant Nataro for damages he sustained while a passenger in the Nataro car, when it collided with an uninsured auto owned by one Johnson and operated by one Middleton.
Under an uninsured auto indorsement in Nataro’s policy with Public Service Mutual Insurance Company, which constituted Parillo an “ insured ” within the meaning of the policy, Parillo made a claim for his damage and was awarded $3,500 in an arbitration proceeding. This sum was subsequently paid.
The first defense seeks to limit plaintiff’s recovery to that sum already paid.
The second defense invokes a term of the policy to the effect that any payment made to an insured shall be applied in reduction of any recovery he may be entitled to as against any other insured (in this case Nataro).
*801 Plaintiff seeks to avoid the effect of this clause by pointing out that Public Service is not a party to this action. However, the plaintiff made himself a party to the insurance contract when he made a claim under it as a third-party beneficiary and he cannot have the benefits of that contract without its burdens. One of these is the provision for a diminution of damages in a claim against an insured not the insurer and therefore as to the second defense, it makes no difference that Public Service is not a party to this lawsuit.
However, if the first defense stands, the second becomes only of academic interest and I think the first defense is good also.
The recovery here was well under the policy limit of $10,000, and therefore there is no reason for not applying the familiar principle of res judicata to the prior determination made in the arbitration proceeding. “ The principles of res judicata are applied to arbitration awards as well as to actions, and the rule is well settled that where a dispute has been legally and fairly submitted to a judge of the parties’ own choosing, a valid award is a complete bar to an action on the original claim, the same as a judgment of a court of record ”. (21 Carmody-Wait, New York Practice, § 153, p. 556.) Certainly the fact that plaintiff did not have to prove negligence there, whereas he does here, should make no difference. The issue as to damage is exactly the same and the fact that the nominal defendants are not identical does not prevent the application of this doctrine. See Carmody-Wait, New York Practice (Vol. 7, 1961 Supp., § 218, p. 38): “An exception to the requirement of mutuality is raised at times where the party against whom the plea of res judicata is raised was a party to the prior action and had full opportunity to litigate the issue comprehended by the plea.” (Israel v. Wodd Dolson Co., 1 N Y 2d 116.) This exception fits the plaintiff to a “ T.”
Lastly it should be noted that plaintiff is not in the position of having effected insurance for his own benefit and paid the premium thereon, so that he is entitled to have its benefits, without diversion for the advantage of a stranger. Such cases come up when a plaintiff carries an accident and health policy and becomes involved in an accident caused by a wrongdoer. Here the so-called stranger/wrongdoer is the policy holder, whose undoubted primary intention was to benefit himself. Motion granted.