Louis B. Heller, J.
In a negligence action the above-named defendant, Louis Carpinone, hereinafter for convenience referred to as defendant, moves to serve an amended answer for the purpose of adding two affirmative defenses which are based upon facts not in existence at the time issue was joined.
*329 The accident out of which the [infant] plaintiff’s cause of action arose occurred on June 17, 1956. The [infant] plaintiff was a passenger in an automobile owned and operated by the defendant. The vehicle was involved in a collision with an uninsured automobile owned and operated by other persons who are also defendants herein. Defendant’s automobile was insured by Massachusetts Bonding and Insurance Company (hereinafter referred to as Massachusetts Bonding). Plaintiffs’ common-law action was commenced against all defendants and was subsequently noticed for trial for the March 1960 Term.
In the meantime plaintiff, as an insured under an indorsement attached to defendant’s automobile liability insurance policy, made a claim directly against Massachusetts Bonding under the uninsured motor vehicle provision of the said indorsement. The claim for damages resulting from injuries sustained in the afore-mentioned accident was thereafter arbitrated pursuant to plaintiff’s demand and resulted in an award of $8,000 being made to the plaintiff on June 8, 1961. According to plaintiffs’ brief the award was paid. In making the instant motion defendant proceeds under the “limits of liability” provision (clause No. 4) of the indorsement. Subdivision (b) thereof reads:
‘ ‘ If claim is made under this endorsement and claim is also made against any person who is an insured under the Bodily Injury Liability coverage of the policy because of bodily injury sustained in an accident by a person who is an insured under this endorsement:
“ (1) any payment made under this endorsement to or for any such person shall be applied in reduction of any amount which he may be entitled to recover from any person who is an insured under the Bodily Injury Liability coverage; and
“ (2) any payment made under the Bodily Injury Liability coverage to or for any such person shall be applied in reduction of any amount which he may be entitled to recover under this endorsement.”
It is the court’s opinion that defendant’s application has merit. Defendant asserts that the award in arbitration constitutes an adjudication of plaintiff’s claim and, therefore, seeks to interpose the defense of res judicata. As a further defense defendant desires to plead the amount of the award in diminution of any recovery to which plaintiff may be entitled herein.
The several objections interposed by the plaintiffs have been considered but are found insufficient to warrant a denial of the motion. For delay, in making the instant motion, to constitute laches, it should have been demonstrated that the delay worked a “ disadvantage or injury ” to the plaintiffs (Feldman v. Metro *330 politan Life Ins. Co., 259 App. Div. 123, 125). It has not been shown that the defendant’s delay of about 14 months in making the application prejudiced the plaintiffs in any way.
Infant plaintiff contends that, since her award stemmed from a contract with Massachusetts Bonding, the defendant, not being the same party as Massachusetts Bonding, cannot interpose a defense of res judicata. Such argument of lack of identity of parties is unavailing in view of the above-quoted specific language of the indorsement which grants the defendant, a ‘1 person who is an insured under the Bodily Injury Liability coverage of the policy ” the right of offset for “ any payment made under this endorsement.” It would appear that the instant situation presents an exception to the rule requiring mutuality, by virtue of the fact that the plaintiff was a party to the prior arbitration and had full opportunity to litigate the issue comprehended by the defense of res judicata (Parillo v. Nataro, 34 Misc 2d 800.)
In permitting the amended pleading, the court wishes to point out that it has here dealt with a very limited question. It pertained solely to the exercise of the court’s discretion to allow defendant to serve an amended answer. (See Anderson v. New York Cent. R. R. Co., 284 App. Div. 64.) Motion granted.