■ FRONIA MOORE, Respondent, v. SADIE B. LEGGETTE, Appellant.— In an action by plaintiff, a passenger, to recover damages for personal injuries allegedly suffered as a consequence of the negligence of defendant, as owner of a motor vehicle, defendant appeals from an order of the Supreme Court, Suffolk County, entered March 24, 1965, which granted plaintiff's motion to strike out a partial defense in mitigation of damages (see 45 Misc 2d 603).

Such defense alleged that (a) plaintiff had received $155 in full payment of medical expense reimbursement from defendant's insurance carrier under the terms of an automobile liability policy providing for the payment of the medical expenses of persons injured while passengers, allegedly incurred as a result of an accident; (b) defendant caused this sum to be paid, even though she was not legally liable therefor; (c) plaintiff executed a paper, releasing defendant from all liability by reason of medical expenses; and (d) by reason thereof plaintiff may not recover any medical expenses in the action. Order reversed, without costs, and motion denied. In our opinion, the learned Special Term erred in applying at bar the general rule that a wrongdoer may not claim the proceeds of an insurance policy in mitigation of damages. Such rule has no application where, as here, it appears that the defendant wrongdoer himself has procured insurance for the benefit of the injured party (cf. *Drinkwater* v. *Dinsmore*, 80 N. Y. 390 [1880]; *Healy* v. *Rennert*, 9 N Y 2d 202 [1961]; *Coyne* v. *Campbell*, 11 N Y 2d 372 [1962]; *Cady* v. *City of New York*, 14 N Y 2d 660). At bar, it seems to us, contrary to the finding of the learned Special Term, that the equities of the situation are on the side of the defendant, the alleged wrongdoer. Where such wrongdoer is a person prudent enough to take out a policy of insurance to indemnify plaintiff and others from the hazards of the use of her automobile, for which she alone paid the consideration, she is entitled to the benefit of such foresight and to reduction in damages to the extent that these have already been defrayed by such policy (see 23 Albany L. Rev., pp. 132–133). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.