Abraham I. Kalina, J.
This is a motion for an order granting the defendants Lucy L. Laham and John Laham leave to serve an amended answer to set forth an affirmative defense alleging facts which it is claimed constitute as a matter of law an estoppel and bar to the present action, on the ground that the facts alleged in said defense occurred since the service of the original answer, and for a further order pursuant to CPLR 3211 (subd. [a], par. ’5) dismissing the complaint as against the moving defendants on the ground that there has been a prior determination of the issue of negligence on the part of the said defendants, which determination requires the doctrine of the res judicata to be applied collaterally estopping and barring the plaintiffs from maintaining and continuing the action.
In opposing the application the plaintiffs claim that the motion to amend the answer so as to allege the aforesaid defense of collateral estoppel should be denied because of laches and that the motion to dismiss the complaint should be denied on the ground that the facts alleged in proposed amended answer do not constitute a collateral estoppel of the issue of negligence in that the parties in the prior proceeding where such determination was made and the parties in the action in this court are not the same.
*257 CPLR 3025 (subd. [b]) provides that a party may amend his pleadings, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court and that such leave shall be freely given.
The test as to whether the court should exercise its discretion and permit an amendment is whether or not the adversary will be prejudiced by such amendment. (See Kane v. Long Is. Jewish Hosp., 29 A D 2d 554; Dittmar Explosives v. A. E. Ottaviano, Inc., 20 N Y 2d 498.)
The court has read the proposed amended answer and the voluminous papers submitted on this application, which include the record of the proceedings in which the prior determination of the issue of negligence on the part of the moving defendants was made, and is satisfied that the defendants are not guilty of laches and that the plaintiffs will not be prejudiced in law by the amendment. Furthermore, the plaintiffs do not dispute the truth of the allegations set forth in the proposed amended answer, and the facts alleged in the proposed amended answer as hereinafter set forth have no different legal consequences by reason of the delay, if any, in the making of the application.
Accordingly, the branch of the motion to amend the answer is granted.
The moving defendants request that, if such leave is granted to amend the answer to allege facts which would in law call for the doctrine of collateral estoppel to be invoked, that the court treat the application to dismiss the complaint as a motion for summary judgment.
CPLR 3211 (subd. [c]) provides that upon the hearing of a motion made pursuant to the provisions of CPLR 3211 (subd. [a]), if either party submits evidence which could properly be considered on a motion for summary judgment, the court may treat the motion as one for summary judgment. The court is of the opinion that the evidence submitted on this application warrants the court to treat the motion to dismiss the complaint as a motion for summary judgment. As "such, the motion is not addressed to the sufficiency of the complaint. There is no claim that the fact's alleged in the complaint are insufficient to constitute a cause of action or that the complaint is any wise defective. What is claimed is that the events which occurred subsequent to the service of the original answer which are fully set forth in the amended answer and which are not disputed constitute a bar to the present action in this court in accordance with tlie legal doctrines of res judicata and collateral estoppel.
This action is brought to recover damages for personal injuries sustained by the plaintiffs as a result of alleged negli *258 gent operation of an automobile owned and operated by the defendant Juan Bermudez, in which plaintiffs were passengers, which was involved in an intersection collision with an automobile owned by the defendant John Laham and operated by his wife, the defendant Lucy L. Laham.
It appears that the Manhattan Casualty Company which issued a liability insurance policy to the defendant John Laham was placed in liquidation by order of the Supreme Court, New York County, dated May 24,1963. Plaintiffs, appearing by their present attorney, filed a proof of claim in the liquidation proceedings alleging in substance the allegations set forth in the complaint herein. This claim was disallowed. Plaintiffs filed objections to the disallowance. By order of a Justice of the Supreme Court dated May 11, 1966, a'Referee was appointed to hear and report on the issues raised by the objections.
A hearing was commenced before the Referee on November 15, 1966 and adjourned to and concluded on November 29, 1966. The record indicates that all of the parties to the present action were, present at the hearing. It should be noted at this time that the defendant Bermudez originally appeared by an attorney in this action but subsequent thereto for reasons not disclosed in the record and which are immaterial to the issues herein is now appearing in person. The plaintiffs were represented at the hearing by their present attorney. The defendants Laham were represented by an attorney. The record indicates that all of the parties to this action testified at the hearing, and that the defendant Bermudez, who is a son of the plaintiff Mariana Colon, was called as a witness by the plaintiffs. The right of confrontation and cross-examination was afforded to all of the parties.
The Referee rendered a report to the Supreme Court dated January 20, 1967 in which he found that the defendant Lucy L. Laham was free from negligence in the operation of her automobile and that the proximate cause of the accident was the negligence of the defendant Bermudez. By order dated June 6, 1967, the report of the Referee was confirmed. A motion for reargument was denied.
In opposing the motion the plaintiffs- as heretofore indicated do not challenge the sequence of events as documented by the exhibits submitted herein, or that the plaintiffs as claimants in the liquidation proceedings did not have a full and fair trial. However, the plaintiffs allege and urge upon this court that the doctrine of res judicata and collateral estoppel should not be applied, on the ground as heretofore indicated that the parties in the prior proceeding and the parties to this action are not *259 identical in that the prior proceeding was between the plaintiffs as claimants and the Manhattan Casualty Company in liquidation and that the defendants in this action were not parties to said proceedings.
Much has been written on the subjects of res judicata and collateral estoppel. The legal principles involved in the two doctrines are not difficult to comprehend. •. But their application to a given set of facts is not as easily determined.
Our courts have frequently failed to distinguish the different aspects of “ former adjudication ” usually referred to as “ res judicata ” and there has been a tendency to use the term “ res judicata ’ ’ indiscriminately. This is evident when one reads the most recent pronouncement on this subject in Schwartz v. Public Administrator (24 N Y 2d 65) where the terms “ res judicata ’ ’ and ‘ ‘ collateral estoppel ’ ’ are used inter’changeably. It should be noted that res judicata effect is not given to a legal proceeding unless there has been a final judgment on the merits rendered by a court of competent jurisdiction and is conclusive as to the rights of the parties or their privies and bars a subsequent action between the parties, litigating in the same capacity, on the same cause of action. “ Collateral estoppel” refers to the' conclusive effect given to the determination of matters actually litigated in one a'ction, when those matters are raised in a subsequent action based upon a different cause of action. “Res judicata” applies to the entire cause of action whereas “ collateral estoppel” applies only to an issue which has been determined in a prior action and which is decisive of the subsequent action in which it is sought to be invoked.
Thus it can be said that there is a fine-spun legal distinction between an adjudication and an estoppel, both of which achieve the same result. “ Res judicata ” comes into play when a suit is repeated between the same parties or their privies- on the same cause of action. An estoppel bars a subsequent action because some material fact which is controlling in both actions was litigated and determined and set to rest in the first action. An identity of issue which is decisive of the subsequent action rather than identity of the parties is the essential ingredient of ‘< collateral estoppel. ’ ’
In Weinstein-Korn-Miller, New York Civil Practice (vol. 5, par. 5011.24) speaking of the distinction between the doctrine of “ res judicata ” and £< collateral estoppel ” it is stated as follows: “Unlike res judicata, collateral estoppel applies only when the second action is brought on a different cause of action than that asserted in the first action; moreover, collateral estoppel applies to issues rather than to entire causes of action.”
*260 As heretofore indicated, the law is well settled that the doctrine of res judicata is only applicable when there has been a final judgment ‘ ‘ on the merits ’ ’ between the same parties on the same cause. In such case the judgment would be conclusive In a subsequent action between the parties. This doctrine is founded on the sound legal principle that there must be finality to litigation. Thus, a party who has presented his claim or defense to a court of competent jurisdiction for final determination which results in judgment on the merits cannot relitigate the cause because he is dissatisfied with the result or that he desires to litigate matters arising out of the former cause which were overlooked. To use a familiar adage, “ one may not have two bites of the apple. ’ ’
However, to invoke the doctrine of ‘1 collateral estoppel ’ ’ which may bar a subsequent action or may be used affirmatively to sustain a cause of action, the law does not require the party-seeking to invoke the doctrine to have been a party to the action or proceeding in which the facts constituting the estoppel were determined. What the law requires in order for such determination to constitute an estoppel is that the issue determined in the prior action or proceeding is decisive of the action in which it is invoked.
The invoking of the doctrine of “ collateral estoppel ” may establish “ res judicata ” but “ r'es judicata ” does not establish “ collateral estoppel” in the strict legal sense. The doctrine of “ res judicata ” is a branch of the law of estoppel.
In Schwartz v. Public Administrator (24 N Y 2d 65, supra) the court was called upon to determine whether a judgment in favor of a passenger in an action against the operators of two colliding vehicles gave rise to an estoppel, which would bar a subsequent action by one of the drivers against the other for his own personal injuries or property damage.
In ruling that an estoppel did arise which barred the action, the court overruled Glaser v. Huette (232 App. Div. 119, affd. 256 (N. Y. 686). The court held that the doctrine of mutuality “ is a dead letter ” citing B. R. De Witt, Inc. v. Hall (19 N Y 2d 141). The doctrine of ‘1 mutuality of estoppel” as heretofore recognized by our courts referred to a rule that a party was not permitted to take advantage of the result in a prior action unless he met the standards of participation or privity as a party who would be bound by the judgment in that action. The court in Schwartz (supra, p. 70) stated: “ The fact that a party has not had his day in court on an issue as against a particular litigant is not decisive in determining whether the defense of res judicata is applicable. ’ ’
*261 The Court of Appeals in Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14, 18) enunciated a rule of law which indicated the future demise of the doctrine of mutuality which was then essential in order to invoke the doctrine of collateral estoppel. The court stated: ‘ ‘ Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and 1 had full opportunity to litigate the issue of its responsibility. ’ ” This rule was again enunciated in Israel v. Wood Dolson Co. (1 N Y 2d 116, 119) and reiterated in B. R. De Witt, Inc. v. Hall (supra) and has been buried with funeral like procession in Schwartz (supra).
In Schwartz {supra, p. 71) the court stated: “ Although we have not previously said so, it is now evident that New York has adopted the full and fair opportunity test in applying the doctrine of collateral estoppel. * * * New York Law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.”
As heretofore indicated, in order to invoke the doctrine of ‘ ‘ collateral estoppel ’ ’ which will bar a subsequent action it is no longer a requirement that the parties to the action in which the doctrine is invoked to have been adversaries in the prior action where the issue creating the estoppel was determined.
Glaser (232 App. Div. 119, affd. 256 N. Y. 686, supra) has been replaced by a sound legal principle that where it can be said that a party had a full and fair opportunity to litigate a particular issue he Cannot reasonably demand a second one. Thus, where a full and1 fair opportunity has been afforded to a party in a litigation on the issue of liability and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, the doctrine of “ collateral estoppel ” may be invoked against him in a subsequent action brought by a party who was not a party to such prior action. It is an estoppel which may be invoked to establish or defeat a cause of action. The criteria in this regard aside from the question of due process which will be hereafter discussed is that the issue which has been determined in the prior litigation is decisive of the subsequent action.
*262 The “full and fair opportunity test” cited in Schwartz (supra) mandates that due process must be afforded the party against whom the doctrine of “ collateral estoppel ” is sought to be invoked. Simply stated, the test of due process is twofold. Fair notice of the charges and a fair opportunity to defend.
For future guidance of the members of the Bar, the Court of Appeals in Schwartz (supra) enunciated guidelines to determine whether in a given case due process was afforded in the prior action to the person against whom the doctrine of “ collateral estoppel ” is sought to be invoked. The court stated as follows (24 N Y 2d, at p. 72): “ A comprehensive list of the various fa'ctors which should enter into a determination, whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation ”.
The attention of the Bar is called to the fact that the “ full and fair opportunity test ” enunciated in Schwartz (24 N Y 2d 65, supra) is but a reiteration of the principle of ‘ ‘ due process ”. The guidelines set forth in Schwartz (supra) may be helpful to determine the issue of due process and it may well be that additional factors may be present which are material and relevant to the proper determination of such issue. The establishment of “identity” and “decisiveness” alone does not meet the test. The additional factor of “ due process ” must be present. Thus it is evident that the rule enunciated in Schwartz (supra) may not be applied unless the twofold requirements of the ‘ ‘ full and fair opportunity test ’ ’ are complied with. The burden of proof to establish “ due process ” rests upon the party against whom the ‘ ‘ collateral estoppel ’ ’ is sought to be invoked and his adversary would have the burden of proof to establish that the issue was identical 'and necessary.
The' plaintiffs in this action do not make a claim that due process was not afforded to them. There can be no doubt that, under the facts and circumstances of this case, that the moving defendants have established to the satisfaction of this court that there is an identity of issue of negligence which was decided and which is decisive of the present action.
The plaintiffs in the case at bar voluntarily submitted their claims against an insurance carrier which had been declared insolvent 'and placed in liquidation. It afforded then an immediate trial, and the determination after a full and fair hearing *263 is conclusive and final as if made in a court of competent jurisdiction.
In Parillo v. Nataro (34 Misc 2d 800, affd. 18 A D 2d 709) the court held that the principles of res judicata are to be applied to arbitration awards. The court stated (p. 801): “ The rule is well settled that where a dispute has been legally and fairly submitted to a judge of the parties ’ own choosing, a valid award is a complete bar to an action on the original claim, the same as a judgment of a court of record.”
In the case at bar not only was there a valid proceeding before the Referee but his findings were confirmed by the Supreme Court. Under such circumstances the proceeding before the Referee had the same force and effect as a final judgment in a court of record.
This court calls further attention to the Bar to the statement in Schwartz (24 N Y 2d 65, supra) concerning the advantages of a single trial of all claims arising out of an accident where separate actions are instituted. This court is of the opinion that a single trial be held by way of a joint trial rather than by consolidation. A joint trial lends itself to a more orderly procedure. (See Padilla v. Greyhound Lines, 29 A D 2d 495.) In Schwartz (supra, p. 74) the court stated: “ Finally, in this day of great delays in accident litigation, a single trial of all claims growing out of the same accident will constitute a great saving of judicial manpower and time, without any true unfairness to the parties.”
Thus, the failure to heed this warning may result in an unfair result. The necessity for a single trial takes on greater importance when attention is called to the fact that it may be difficult and often burdensome for the party against whom the doctrine of ‘1 collateral estoppel7 7 is sought to be invoked to meet the burden of proof that he was denied due process in the prior litigation.
Accordingly, the motion to dismiss the action as against the moving defendants is granted in all respects.