■ In the Matter of the Arbitration between RICHARD O'BRIEN, as Administrator of the Estate of KERMIT C. O'BRIEN, Deceased, Respondent, and AETNA CASUALTY & SURETY COMPANY, Appellant.— COOKE, J. Appeal from a judgment of the Supreme Court at Special Term, entered July 7, 1969 in Saratoga County, which dismissed carrier's petition for a stay of arbitration. On August 5, 1965 Harold O'Neal was motoring on an access road leading to a major highway in Maryland when he struck two boys lying on the pavement, or their prone bodies, one of which was claimant's decedent. An investigating officer reported that " there is a strong possibility that bodies were run over before and/or after by another vehicle or vehicles ". At the time there was in force an insurance policy, containing an uninsured motorists indorsement, issued by appellant to decedent's mother, under the definitions of which an uninsured automobile included a hit-and-run automobile. Since appellant sought to stay arbitration, it had the burden of showing the existence of sufficient evidentiary facts to establish a genuine issue as to whether an uninsured vehicle was involved (*Matter of Kuhn* [*MVAIC*], 31 A D 2d 707; *Matter of Highsmith* [*MVAIC*], 31 A D 2d 424). Appellant has not fulfilled that burden by its conclusional presentation, devoid of evidentiary proof (cf. *Matter of Fuscaldo* [*MVAIC*], 24 A D 2d 744) or by submission of the accident report which indicates that an uninsured motorist could have been involved in the boy's death. The mere fact that the O'Neal vehicle, admittedly insured, was involved did not create an issue of fact barring arbitration as the statute clearly contemplates an independent recovery, within the prescribed monetary limitations, on account of the negligent operation of the unidentified automobile, even though there is also an identified and insured tort-feasor (*Matter of Powers* [*Continental Ins. Co.*], 29 A D 2d 1041, mot. for lv. to app. den. 22 N Y 2d 645; cf. *Matter of State-Wide Ins. Co.* v. *Lang*, 30 A D 2d 974). Although the medical examiner concluded that death was caused by a single impact, a finding as to whether the uninsured driver's negligence proximately caused the injury is to be made by the arbitrator and not by a court as a condition precedent to arbitration (*Matter of Murphy* [*MVAIC*], 30 A D 2d 711; cf. *Matter of De Luca* [*MVAIC*], 17 N Y 2d 76, 80–81). *Matter of De Puccio* (*MVAIC*) (30 A D 2d 1015) relied on by appellant, is

inapposite since, there, the insurer submitted evidentiary proof, including a motor vehicle report, that the identity of the car owner was known. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.