■    MARION BRINK, Appellant, v KATHERINE A. KILLEEN et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County, entered May 23, 1974, as (1) denied her motion to strike the first affirmative defense contained in the answer of defendant Webb and (2) granted the cross motion of defendants Killeen for leave to serve an amended answer. Order modified by striking from the second decretal paragraph thereof the word "denied" and substituting therefor the word "granted". As so modified, order affirmed insofar as appealed from, with one bill of $20 costs and disbursements to appellant against defendant Webb. Plaintiff was a passenger in a vehicle driven by defendant Webb, which was allegedly sideswiped by an unidentified vehicle that did not stop at the scene. Webb's automobile, as a result of being hit, veered into a third vehicle owned by defendant Richard Killeen and operated by defendant Katherine Killeen. As a result of the collision plaintiff allegedly sustained multiple facial and head injuries. Defendant Webb's insurance policy contained an uninsured motorist endorsement provision, pursuant to subdivision 2-a of section 167 of the Insurance Law, covering damages caused by hit-and-run vehicles. That provision, with a maximum liability of $10,000, covered defendant Webb and his passenger, among others. To recover upon this provision, plaintiff proceeded in arbitration in accordance with the terms of the policy. She was awarded the full $10,000 limit upon the insurance company's failure to appear. A check was subsequently sent to plaintiff and her counsel in the amount of $10,000 by the insurance company. On the front of the check was a statement that the check was "for full and final settlement of any and all claims"; the back of the check contained the statement, above plaintiff's endorsement, that "Endorsement by payee constitutes a receipt and release from the items mentioned on the face of this draft." The check was signed by the insurance company. The face of the draft bore defendant Webb's name in the same size and position as the date and code numbers, in a space following the words "Insured/Principle [sic] Name". Plaintiff and her counsel endorsed the check. Thereafter plaintiff instituted this action against Webb and the Killeens, in which she seeks to recover $100,000 in damages. Webb interposed the affirmative defense of release, relying upon the endorsement of the $10,000 check. Plaintiff moved to strike that affirmative defense; Webb cross-moved for summary judgment; and the Killeens cross-moved for leave to amend their answer so as to include the $10,000 as a set-off in mitigation of plaintiff's damages. Special Term denied plaintiff's motion to strike the affirmative defense from the answer of defendant Webb, denied his cross motion for summary judgment, and granted the cross motion of defendants Killeen. Plaintiff argues that (1) the release was not valid; (2) if valid, the release could have no interpretation other than that it was in settlement of her claims against the uninsured motorist or, at most, the insurance company, and thus there was no jury question and (3) the insurance payment was from a collateral source and could not be used as a set-off by defendants Killeen. The printed statements on the check are too vague to constitute a binding contract of release since they fail to name the parties or items being released. Further, there was no consideration for the execu-

tion of the alleged release since the insurance company was liable to plaintiff in the amount of $10,000 by virtue of the arbitration award. However, even if we were to find that a release had been executed, defendant Webb's argument that the release was intended to extend to him is entirely unsupported and, in fact, is refuted by a common-sense reading of the draft; Webb does not claim that there were any negotiations upon a settlement which would include him. As the insurance company did not appear in the arbitration proceeding, it seems unlikely that any negotiation occurred there. The cross motion by defendants Killeen for leave to amend their answer to include the $10,000 payment in mitigation of damages was properly granted. The uninsured motorist provision of defendant Webb's policy, upon which Webb paid premiums, was not a "collateral source" exempt from use for purposes of mitigation of damages (see *Grynbal v Grynbal,* 32 AD2d 427, 429). Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.