■ Joseph Meadvin, Appellant, v Buckley-Southland Oil Company, Respondent. — Order reversed, with costs, and defendant's motion denied. Memorandum: Plaintiff, lessor of property under lease to defendant, has been paid $33,093 for a fire loss by its fire insurance carrier, Aetna Casualty and Surety Company. Aetna suing as subrogee in the name of its insured, plaintiff lessor, has commenced the instant action to recover the sum of $33,093 because of the alleged negligence of defendant lessee. Plaintiff appeals Special Term's order which granted summary judgment and dismissed the complaint under the rationale of *Moore v Leggette* (24 AD2d 891) holding that defendant could properly credit the insurance proceeds against plaintiff's claim. We reverse. Under the lease, lessor not lessee is responsible for any loss by fire. The lessee's obligation at the end of the term is to surrender the premises in safe condition *"damage by fire,* storm or other casualty, reasonable wear and tear *excepted"* (emphasis added). Lessor covenanted to pay all taxes and special assessments and to "keep all the buildings and improvements installed by Lessor on said premises insured to their full insurable value against all loss or damage from fire and extended coverage hazards and to pay all premiums for said insurance." In addition to the rent, lessee promised under the lease to reimburse plaintiff for amounts paid by him for taxes, special assessments and fire insurance premiums. Defendant was not named as an insured in the fire policy, was not in privity with the carrier and did not pay the premiums. The holding of *Moore v Leggette (supra)* is that where the defendant had taken out and paid for insurance to cover his obligation to respond in damages for injuries from the use of his automobile, the proceeds of such insurance paid to plaintiff should be an offset against plaintiff's recovery. In our opinion, *Moore* is inapposite as are *Precisionware, Inc. v Madison County Tobacco Warehouse* (411 F2d 42) and *Publix Theatres Corp. v Powell* (123 Tax 304) cited by defendant. In *Precisionware, Inc.* and *Publix Theatres Corp.* it was the lessee which was responsible for any damage to the premises as a result of fire. It was the lessee which, to cover its responsibility to repair or replace the premises in the event of fire, procured the insurance and paid for the premiums in full or in substantial part. In *Publix Theatres Corp.* the court distinguished cases such as *Dillon v Hunt* (105 Mo 154) which holds that there can be no offset where the payment of the insurance moneys were not procured by the defendant and were not either paid or received to satisfy in whole or in part the defendant's liability, noting (p 313) that "[h]ere the alleged wrongdoers were in privity to the insuring company as well as to the lessor, and actually contributed and paid in full the cost of the insurance." In the case at bar the lessee does not have the responsibility to replace or repair the premises in the event of fire and has not purchased insurance against that risk as in *Precisionware, Inc.* and *Publix Theatres Corp.;* nor has he procured insurance to cover the expenses of a party injured by his fault or negligence as in *Moore.* The lessor's recovery here was received from its own insurance company under a policy insuring its own risk of loss by fire. That the parties in arriving at the total sums to be paid by lessee to lessor as consideration for occupation of the premises separated the amount into rental and reimbursement for other expenses, including the premiums for fire insurance, seems to us irrelevant. It does not alter the fact that the lessee has no insurable interest and does not put him in privity with the insurance company. In cases where the lessee is the insured, the insurance company could not subrogate against the lessee; negligence of the insured would not alter the insurer's obligation to pay for the loss. Here, where there is no privity between lessee and the insurer, the insurer's right to subrogation should not be defeated by the fortuitous circumstance that the lease provided for reimbursement of expenses separate from payment of rent instead of incorporating all sums into one rental figure. Moreover, inasmuch as the

insurer is the real party in interest here there cannot be double recovery by plaintiff as there would have been in *Precisionware, Inc.* and *Publix Theatres Corp.* All concur, except Doerr and Denman, JJ., who dissent and vote to affirm the order in the following memorandum.

Doerr and Denman, JJ. (dissenting). We respectfully disagree. Under the "collateral source rule" a tort-feasor may not benefit because some or all of the injured party's damages were paid for by a third party. In New York, however, where the insurance proceeds are derived from an insurance policy which was paid for by the wrongdoer himself, evidence of such proceeds is admissible in mitigation of damages (see *Moore v Leggette,* 24 AD2d 891, affd 18 NY2d 864; *Matter of McKay v Town of West Seneca,* 51 AD2d 373, 377, revd on dissent below 41 NY2d 931; *Brink v Killeen,* 48 AD2d 823, 824; *Grynbal v Grynbal,* 32 AD2d 427, 429; *Szybura v City of Elmira,* 28 AD2d 1154). In holding that the instant case does not fall within the exception to the collateral source rule, the majority emphasize that the lessor procured the policy and transmitted the premiums. The emphasis placed on procurement is misplaced, in view of the fact that the lessee was contractually bound to pay the cost of the premiums and did in fact pay the premiums. In *Moore v Leggette (supra),* New York recognized that the "collateral source" rationale has no place where the wrongdoer was prudent enough to take out an insurance policy protecting the plaintiff and where the wrongdoer paid the cost of premiums. In subsequent cases, courts have emphasized that it is the wrongdoer's "prudence and expense" in providing for plaintiff's protection which allows him to mitigate damages (see *Grynbal v Grynbal, supra,* p 430; see, also, *McKay v Town of West Seneca, supra,* p 377; *Brink v Killeen, supra,* p 824; *Szybura v City of Elmira, supra,* p 1155 [all noting that the proceeds from insurance which was "paid for" by the defendant may be used in mitigation]; see *Overton v United States,* 619 F2d 1299, 1307-1308; *Driscoll v United States,* 456 F Supp 143, 146 [holding that the tort-feasor's right to offset hinges on whether it contributed to the insurance fund from which plaintiff originally recovered]). Although there was privity between the defendant and the insurer in these cases and in those cited by the majority (see *Precisionware, Inc. v Madison County Tobacco Warehouse,* 411 F2d 42; *Publix Theatres Corp. v Powell,* 123 Tex 304), the holdings do not rest on whether there was privity but on whether the defendant somehow contributed to the cost of obtaining the insurance. The parties to the instant lease were prudent enough to realize the possibility of a fire loss. Therefore, they included in their lease a provision *requiring* the lessor to keep the premises insured and requiring the lessee to pay the cost of the premiums. Under these circumstances, the insurance proceeds paid to the plaintiff were not a windfall but an expected resolution of an unplanned but foreseeable disaster. Clearly, the rationale behind the collateral source rule is inapplicable to these facts. On the contrary, to apply the rule would result in a windfall to plaintiff, who would thus enjoy a double recovery. The majority claim that there would be no double recovery because the insurer is the real party in interest. We are of the view, however, that "[t]he insurance company is not a party to this suit" *(Publix Theatres Corp. v Powell, supra,* p 314). The insurer, as subrogee, "stands in the shoes" of the subrogor *(United States Fid. & Guar. Co. v Smith Co.,* 46 NY2d 498, 504) and acquires no greater rights than plaintiff would otherwise normally enjoy *(State Bank of Albany v Dan-Bar Contr. Co.,* 12 AD2d 416, 417, affd 12 NY2d 804). (Appeal from order of Onondaga Supreme Court, Stone, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.