■ JAMES T. SANDORO et al., Appellants, v HARLEM-GENESEE MARKET AND NURSERY, INC., et al., Respondents. — Order unanimously affirmed, with costs. Memorandum: Fire insurance carriers suing as subrogees in the name of plaintiffs, lessors of property, seek recovery for a fire loss allegedly due to the negligence of defendants, sublessees of the property, and their employee. For the building, which was totally destroyed by fire on December 4, 1980, plaintiffs have been paid $636,262 and in addition received $24,000 under a separate loss-of-rental-income policy. They seek to recover these sums. Plaintiffs appeal Special Term's order which granted summary judgment and dismissed the complaint. We affirm.

Under the terms of the prime lease dated April 1, 1967, the lessee, Peter J. Schmitt Co., Inc., at its cost and as "additional rent" procured fire insurance in favor of plaintiffs, the lessee and the mortgagee for the full insurable value of the building and improvements. On August 7, 1967 Schmitt sublet the premises to 100 Hopkins, Inc., and under the terms of the sublease Hopkins undertook to perform all the terms and conditions imposed on Schmitt under the prime lease, and in particular, to provide fire insurance as "additional rent." On March 16, 1979 Hopkins sublet the premises to defendant, Harlem-Genesee Market and Nursery, Inc. Under this sublease, which included Schmitt's prime lease and Hopkins' sublease as exhibits, Harlem-Genesee was obligated to pay $37,800 per year as rent "without regard to any of the rental clauses contained in [the Schmitt and Hopkins leases]." Paragraph 10 of the sublease, however, bound Harlem-Genesee "by all the terms, conditions, and covenants that apply to the lessee in [the Schmitt lease] and that apply to the sub-lessee in [the Hopkins sublease], except as changed by this sub-lease." Hopkins, construing the sublease as requiring Harlem-Genesee to separately reimburse Hopkins for insurance premiums, billed Harlem-Genesee for a pro rata share of the 1979 fire insurance premium and for the full amount of the 1980 fire insurance premium. It is undisputed that Harlem-Genesee reimbursed Hopkins for these premiums. Since insurance proceeds for the fire loss were derived from a policy which was paid for, directly or indirectly, by Harlem-Genesee, evidence of such payment is admissible in mitigation of damages. *Meadvin v Buckley-Southland Oil Co.* (84 AD2d 907, 908, revd on dissent below 59 NY2d 822) teaches that the right to offset does not rest on "whether there was privity but on whether the defendant somehow contributed to the cost of obtaining the insurance". Thus, as Special Term ruled, plaintiffs have no cause of action in behalf of the subrogated insurers for the loss

when the premium for the policy affording coverage was paid by sublessee defendants.

With relation to the claim of the rental loss insurer, generally when a building is damaged the owner is entitled to damages for loss of rent during such time as may reasonably be required to make necessary repairs. However, where a building is destroyed, the usual measure of damages is the difference between the market value of the building before and after the injury (see 36 NY Jur 2d, Damages, § 76, p 137; 22 Am Jur 2d, Damages, § 155, p 225). Since damages measured by market value take rental value into account, where a building is totally destroyed there is no separate allowance for damages for loss of rent. (Appeal from order of Supreme Court, Erie County, Kuszynski, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Green, Moule and Schnepp, JJ.