OPINION OF THE COURT
Anthony R. Corso, J.
The instant defendant pleaded guilty under docket No. 2435449 to operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Trafile Law § 1192 *743 (2). This court ordered a presentence report pursuant to CPL 390.20. Said report, noting that the defendant had been involved in a motor vehicle accident that resulted in property damage to another vehicle, recommended that the defendant be required to make restitution in the sum of $900. (See, Penal Law § 60.27.) The defendant objected to the amount of restitution and a hearing was held pursuant to Penal Law § 60.27 (2) and CPL 400.30. Such a hearing assists the court in making "a finding as to the fruits of the offense or the loss or damage caused by the offense.” (Penal Law § 60.27 [2].)
After an evaluation of all of the credible evidence presented at the instant hearing and a review of the victim impact statement, it is the opinion of this court that the victim Edward McKeown suffered "loss or damage” in the amount of $1,500 as a result of the motor vehicle accident in question. However, this finding alone cannot end the court’s inquiry. Effect must be given to the provision of the restitution statute that directs that restitution be ordered in an amount representing the "loss or damage caused by the [defendant’s] offense. ” (Penal Law § 60.27 [2]; emphasis added; see, Penal Law § 60.27 [1].)
It is the opinion of this court that the defendant’s offense did not alone cause the victim’s $1,500 loss or damage. After a review of the evidence presented, and under the factual circumstances of the instant motor vehicle accident, it is the opinion of this court that Edward McKeown must bear 25% of the fault for said accident. Consequently, the defendant should be directed to pay restitution in an amount that is no more than 75% of the previously ascertained loss or damage. Such an apportionment of liability operates to reduce the maximum amount of restitution payable by the defendant to $1,125.
Additionally, however, this court notes that Edward Mc-Keown filed a property damage claim with the defendant’s insurance carrier and, prior to the instant plea and hearing, received a check for $591.25 in settlement, which amount Mr. McKeown accepted under protest. (Cf., Horn Waterproofing Corp. v Bushwick Iron & Steel Co., 66 NY2d 321.) It has been held that, with respect to the amount of restitution to be ordered, this court must "make 'findings of the sum actually due, with appropriate allowances made for offsets or other factors which could properly reduce the total amount’ ”, (People v Fuller, 57 NY2d 152, 158, quoting People v Thigpen, 60 AD2d 860.) Although this court finds no merit in the defendant’s contention that an amount received from an *744 insurance carrier in settlement of a property damage claim absolutely relieves him from any liability for restitution in a criminal case, it is the opinion of this court that the payment of $591.25 by defendant’s insurance carrier should be offset against the total amount of restitution due this victim. Such a payment cannot be considered a "collateral source” such that it would be barred from use in mitigation of damages. (Cf, Moore v Leggette, 24 AD2d 891, affd 18 NY2d 864.)
Accordingly, the defendant is to make restitution to Edward McKeown in the amount of $533.75.