OPINION OF THE COURT
Gilbert Ramirez, J.
The plaintiff in this action was awarded the sum of $450,000 in damages as a result of injuries sustained when she fell on an escalator owned by defendant. Defendant now moves to reduce this verdict by $10,716, the amount acknowledgedly received by plaintiff as settlement for back wages in a wrongful termination claim brought against her former employer. It is defendant’s contention that the jury verdict included an allowance for loss of earnings and that plaintiff thus will receive a "double recovery” insofar as the $10,716 sum is concerned. Defendant points out in this regard that at the trial plaintiff produced an economics expert who calculated plaintiff’s lost earnings for the period 1982 through 1988 at $168,000.
*105 Plaintiff agrees that damages awarded must be compensatory only and that plaintiff cannot receive a double satisfaction for the same injury. However, plaintiff opposes the setoff on two grounds, i.e., there is no evidence of what the $10,716 settlement represented and further that defendant is not entitled to a setoff by statute or common law.
The case appears to be one of first impression in the complex area of the "collateral source rule” an area that has been characterized by one authority in the field as a "prickly game of three-cornered catch”.[1]
In the case of Rutzen v Monroe County Long Term Care Program (104 Misc 2d 1000, 1001) (a case where defendant sought to deduct unemployment insurance benefits received from an award of damages for breach of an employment contract) the court stated the general collateral source rule as follows: "The collateral source doctrine in New York State, as in most jurisdictions, holds that as a general rule damages cannot be mitigated or reduced because of payments received by an injured party from a source wholly independent of and collateral to the wrongdoer”. The court pointed out that New York has carved out an exception to this general rule for wholly gratuitous payments received by an injured plaintiff for which no consideration was given. It then went on to decide in Rutzen that the unemployment benefits should not be set off against the jury award because they were received as a result of consideration previously extended to plaintiff’s employer. Thus, since the unemployment benefits were not gratuitous, they were a true collateral source and not deductible.
Some years later the case of Anastasia v Barnes (127 Misc 2d 971) again dealt with the "wholly gratuitous services” exception to the collateral source rule. In Anastasia the court found that the defendant and the third-party defendant (the latter being the decedent’s employer) would not be entitled to a setoff for death benefits received "through” the employer. The court stated that "[b]enefits are not gratuitous * * * to the extent that they are a part of the consideration for services previously rendered by the injured party.” (Supra, at 974.) This language is particularly relevant to the situation before us now. There is no question that the award of back pay given to plaintiff here would ordinarily constitute a *106 collateral source and thus not be deductible unless it can be considered as falling within the "gratuitous services” exception. However, it is clear that the award in question was for "services previously rendered by the injured party” (see, Anastasia v Barnes, supra, at 974). As for defendant’s argument against a double recovery, we quote from Anastasia to the effect that "[a] double recovery by the plaintiff is preferable, from a policy perspective, to allowing the defendant the benefit of a fund it did not create.”[2] (Supra, at 977.)
We have considered defendant’s reliance on the case of Brink v Killeen (48 AD2d 823) and do not find it persuasive. In the Brink case the court found that since one of the defendants had paid premiums for the policy from which the plaintiff had derived uninsured motorist benefits this was not a "gratuitous benefit” collateral source exempt from use as a setoff. This, of course, is in keeping with the rule stated in Rutzen that "where the wrongdoer is a person prudent enough to take out a policy of insurance to indemnify plaintiff, the wrongdoer alone having paid the consideration, such wrongdoer is entitled to the benefit of his foresight and to a reduction of damages to the extent these have been defrayed by the policy” (Rutzen v Monroe County Long Term Care Program, supra, at 1001-1002).[3] It was held that the joint tort-feasor in Rutzen was entitled to claim this amount as a setoff under the reasoning contained in Grynbal v Grynbal (32 AD2d 427).
Based upon the foregoing we find that the award made to plaintiff for her improper discharge was a true collateral source and should not be set off against plaintiff’s award of damages by a jury. Defendant’s motion is denied.

. Fleming, The Collateral Source Rule and Contract Damages, 71 Cal L Rev 56.

. We, of course, equate the award here with the fund referred to in Anastasia v Barnes (127 Misc 2d 971).

. We do not know why the defendant who actually took out the policy in Brink v Killeen (127 Misc 2d 971) did not also claim a setoff for the amount paid under the uninsured motorist provision of that policy. However, that question is not truly germane to the issue at hand.