GEORGE C. MANNING, JR., as Receiver of the Property of HARRY DRAPKIN, Judgment Debtor, Respondent, v. ANNIE DRAPKIN, Appellant.— Order modified so as to provide that the default be opened upon the giving of an undertaking with sufficient sureties, and as so modified affirmed, without costs; the undertaking to be filed and the answer to be served within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

AMY MUSGRAVE, Respondent, v. RUSSELL WILLIAMS and MAX WIENER, Defendants, and HENRY J. WILLIAMS and JACOB GROSSMAN, Appellants.*— Judgment and order affirmed, with costs. A motorcycle and three automobiles collided with the car in which plaintiff was riding as it was going south on the west strip of a three-way concrete road. The vehicles of the defendants were driving north at a rapid rate of speed and were attempting to pass other cars on the east and center strips. The motorcycle was in the lead, and when it struck the south-bound car, the latter came to a stop. The automobile of the appellant Williams was the second to collide, with the cars of the other two defendants following. The collisions were in rapid succession constituting practically concurrent acts of negligence. As the immediate result of these almost simultaneous collisions, the plaintiff was thrown out of the car upon the concrete pavement, causing very serious injuries. If we might say that the acts were not concurrent because occurring without concert of action and at slightly separated intervals of time, then they were separate, independent acts of negligence combining to produce directly a single injury. As the case was submitted to the jury, it was left for them to determine which acts were the proximate cause of the accident and its resulting injury. It was a fair inference for them to draw from the evidence, that each of the collisions, separated by a " split second " in point of time, contributed to affect the stability of the plaintiff's position and throw her from her seat. Such was the law of the case, and there was no request on the part of any defendant that the jury should attempt to separate the acts of the defendants respecting their liability and determine which particular act, if any, was the proximate cause of throwing the plaintiff out upon the road. It is clear, we think, that all of the negligent acts contributed to the result as efficient proximate causes thereof. (Sweet v. Perkins, 196 N. Y. 482.) The defendant Grossman, though represented by counsel on the trial, did not take the witness stand to give any testimony. He took an appeal but has filed no brief in this court. Young, Hagarty, Carswell and Davis, JJ., concur; Kapper, J., dissents as to the liability of appellant Henry J. Williams, upon the ground that the act charged against him was not the proximate cause of plaintiff's injuries.

PACIFIC FIRE INSURANCE COMPANY, Appellant, v. STANDARD OIL COMPANY OF NEW YORK, INC., Respondent.— Order in so far as it denies the motion to strike out the third defense contained in the answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

---

* Affd., 263 N. Y. 538.