MILDRED COMPONO, an Infant, by EDITH COMPONO, Her Guardian ad Litem, and EDITH COMPONO, Appellants, v. THE CITY OF NEW YORK and JULIUS FISHMAN, Respondents.— Judgment dismissing the plaintiffs' complaint in an action by the infant plaintiff for personal injuries and by her mother for medical services unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

MARY DIFATTE, as Administratrix, etc., of SALVATORE RIGGIO, Deceased, Respondent, v. ROBERT M. SMITH and DENNISTOWN M. BELL, Appellants.— Appeal from an order denying motion to change the place of trial from the county of Queens to the county of Suffolk. Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The convenience of witnesses requires a change of venue to Suffolk county, where the accident happened. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

JANE HAWKES, as Administratrix, etc., of RUSSELL HAWKES, Deceased, Respondent, v. HARRY GOLL, Appellant, and MATTHEW J. FARRELL, Defendant.— The plaintiff's intestate, walking north on the west side of the Albany Post Road, was struck by a car traveling south, operated by the defendant Farrell, and thrown over to the easterly side of the highway. Within two or three minutes a car owned and operated by the appellant Goll came along traveling north and ran over the prostrate form of the plaintiff's intestate, dragging the body under the chassis of the car. As the result of his injuries the plaintiff's intestate died within an hour. There could be no evidence upon which the jury could base a finding of the nature of the injuries inflicted by the first car as distinguished from those inflicted by the second car. The case was submitted to the jury upon the theory that if both defendants were negligent they were jointly and severally liable. While the wrongful acts of the two defendants were not precisely concurrent in point of time, the defendants may nevertheless be joint tort feasors where, as here, their several acts of neglect concurred in producing the injury. (*Musgrave* v. *Williams*, 239 App. Div. 802; *Slater* v. *Mersereau*, 64 N. Y. 138; *Brush* v. *Lindsay*, 210 App. Div. 361; *Floun* v. *Birger*, [Mo. App.] 296 S. W. 203; *Rauch* v. *Southern California Gas Co.*, 96 Cal. App. 250; 273 P. 1111; *Owens* v. *Cerullo*, 9 N. J. Misc. 776; 155 Atl. 759; *Brawner* v. *Hooper*, 151 Md. 579; 135 A. 420; 1 Thompson on Negligence [2d ed.], § 75; 1 Shearman & Redfield on Negligence [6th ed], § 31.) It is no defense to this appellant that defendant Farrell's negligence concurred in the result. (3 Cooley on Torts [4th ed.], § 529; *Floun* v. *Birger*, *supra*.) We have examined the claimed exceptions to the charge and the refusals to charge as requested by the appellant and find no reversible error therein. Judgment and order against appellant Goll unanimously affirmed, with costs. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.