OLAF LARSEN, JR., Respondent, v. ASTON G. CLARK et al., Appellants, et al., Defendants.— Action to recover damages for personal injuries sustained as a result of the alleged negligence of defendants, when a passenger car owned and operated by defendant Clark and a truck owned by defendant Ambrose successively collided with a passenger car owned and operated by plaintiff and caused a third collision with a passenger car owned and operated by defendant Brown. At the close of the case, the court dismissed the complaint as to defendant Brown. The jury rendered a verdict in plaintiff's favor and against defendants Clark and Ambrose, who appeal from the judgment entered thereon. Judgment, insofar as it is in favor of plaintiff and against defendant Ambrose, unanimously affirmed, with costs. Judgment, insofar as it is in favor of plaintiff and against defendant Clark, reversed on the law, the action severed, and a new trial granted as to said defendant, with costs to abide the event. It was within the province of the jury to find that even though defendant Clark caused the first collision, that episode had terminated with plaintiff in control of his automobile on his eastbound lane prior to the happening of the subsequent collisions. It was error, therefore, to charge without further clarification, that if defendants Clark and Ambrose were both negligent each is liable for the total damages that flowed from the accident and the jury is not called upon, if both were negligent, to determine which caused any part of the accident. Defendant Clark, by a request to charge, sought to remedy the deficiency. The court, although agreeing with the "bare statement" contained in the request, made an observation which would serve to imply that the request was at odds with the meaning of the term "proximate cause". Defendant Clark was entitled to a clear and explicit instruction to the jury that he was not to be held liable for the injuries sustained as the result of the subsequent collisions unless his negligence concurred in causing them, even though it was his negligence which caused the first collision. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ.

■

NANCY LICHTENSTEIN, Appellant, v. WILLIAM LICHTENSTEIN, Respondent.— In an action for separation on the grounds of abandonment and nonsupport, plaintiff appeals from the portion of the judgment, entered after trial, which dismisses her complaint, on the merits. Appellant contends that the evidence entitles her to judgment. Respondent contends that appellant did not sustain the burden of proof. Judgment insofar as appeal is taken unanimously affirmed, without costs. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.