Joseph Gavagan, J.
The plaintiffs sued the defendants on the theory that all the defendants through their separate acts set in motion a series of events some tortious in nature and the others quasi so, to the injury of the plaintiffs. It was alleged that the defendants Berebitsky and Katz, doing business as B & S Garage, through the sale of quantities of gasoline violated a State act, the violation of which created a penalty in civil damages. During the trial before me and a jury these defendants conceded the violation of the statute. In the charge of the court the jury was instructed that because of the withdrawal of the answer by the defendant Keshner, he and his corporation were in default, that as to said defendants the only question was one of damages, that after the jury determined the amount of damages in the case, they then should proceed to the determination of the liability of the defendants Berebitsky arid Katz doing business as B & S Garage under the statute. No exception was taken to that part of the charge, hence, it became the law of the case. After long deliberation the jury reported a verdict against the defendants Keshner and Keshner, Inc. in certain liquidated sums of money, but a disagreement as to the defendants Berebitsky and Katz doing business as B & S Garage. The question for decision is whether the award of damages by the jury binds the defendants Berebitsky and Katz doing business as B & S Garage on the second trial, when, if so, the only issue will be the liability of these defendants for a violation of the penalty statute; or, stated another way, did the defendants’ violation of the statute reasonably and foreseeably contribute to the explosion that caused the death of James L. Daggett and the serious bodily injuries of the plaintiff Phelan. The parties by written motions seek on a retrial, either, to enforce the amount of damages awarded by the jury or to deny the same and permit the question of liability and damages to be tried de novo. Neither the industry of counsel nor the independent research of the court has unearthed a case on all fours with the instant one and the question seems not to have been adjudicated. It therefore behooves the court to furrow a path for the reception of a legal precedent.
In the absence of stare decisis resort must be had to reason and logic as well as analogy as dictated by the questions at issue. The complaint sought damages against all the defendants for a series of acts which allegedly produced and caused the catas *156 trophe and injuries. Under such circumstances there could be but one admeasurement of damages; such admeasurement has been found by a jury after a protracted trial wherein the defendants Berebitsky and Katz doing business as B & S Garage litigated fully and wholly not only the question of liability but of damages. It would be illogical and unreasonable after a jury has adjudicated the amount of damages to direct a retrial of such issue, affording these defendants a second opportunity to litigate and contest the quantum.
In actions against joint tort-feasors, where a jury attempts to apportion damages, a trial court has the power to correct such a verdict. In such instances courts have ruled the plaintiff is entitled to the highest or best recovery as against all the defendants. This is because of the principle that there can be but one admeasurement of damages in a case involving defendants jointly charged with either misfeasance, malfeasance or negligence.
Reason suggests no different rule in the instant case. The whole case was tried on the theory of one measure of damages although the theories of liability were distinct and several. The jury having resolved the question of damages and disagreed as to the liability of the defendants, Berebitsky and Katz doing business as B & S Garage, such verdict is res judicata against these' defendants upon a second trial.
Where the negligence of two or more persons, even though acting independently of each other, united in causing an injury, they are joint tort-feasors and are jointly and severally liable for the resulting damages (Thornton v. Eneroth, 177 Wash. 1, 10). Where the independent tortious acts of two persons combine to produce an injury, indivisible in its nature, either tortfeasor may be held for the entire damage — not because he is responsible for the act of the other, but because his own act is regarded in law as a cause of the injury (Husky Refining Co. v. Barnes, 119 F. 2d 715, 716 [Idaho]). While the wrongful acts of the two defendants were not precisely concurrent in point of time, the defendants may nevertheless be joint tort-feasors where, as here, their several acts of neglect concurred in producing the injury (Hawkes v. Goll, 256 App. Div. 940 [2d Dept.] and cases and authorities cited therein.)
Furthermore, it would appear that the court has power where the jury disagreement relates to one or more but not to all of the issues submitted, to direct the retrial of the issues as to which the jury disagreed and the entry of the verdict of the jury on such issues as were agreed upon. (279679 Certificate Holders *157 Protective Corp. v. Spier Co., 174 Misc. 553.) Likewise section 463 of the Civil Practice Act, insofar as applicable and reading as follows: “ If the jury disagreement related to one or more but not to all of the issues submitted to the jury, the court or officer may by order direct the retrial only of the issues as to which the jury disagreed, or may in its discretion direct the retrial of such issues and of any other issue as to which the jury rendered a verdict either by direction or otherwise. Such order may direct the entry and record of the verdict of the jury on such issues as are not ordered resubmitted to another jury”, seems to vest in the court such power as is necessary to give meaning to the verdict of a jury.
The case at bar differs from one where the issues are so interlocked that all the evidence in the issue which has been decided is necessarily required for decision of the issue on which there has been a disagreement. It seems clear that the issue of damages is separate from the issue of liability. They are so separable and distinct that an entirely different method or mode of proof is required to establish each.
I therefore decide that the defendants, Berebitsky and Katz doing business as B & S Garage are bound by the jury’s finding on the question of damages; that on the new trial the only issue will be their liability under the statute, for the damages found by the jury to have been sustained by the plaintiffs.
The motion of the plaintiffs is granted in accordance with this decision and the motion of the defendants is in all respects denied. The case is directed to be placed at the head of the Trial Term, Part II, Day Calendar of March 2, next for retrial.
Settle order.