■ In the Matter of the Claim of LORETTA CONTI, Respondent, v. STATE WAREHOUSE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of death benefits by the Workmen's Compensation Board

on the ground that there is no substantial evidence to support the board's finding that decedent's death resulted from an industrial accident within the meaning of the Workmen's Compensation Law. On October 25, 1962 decedent, a 56-year-old warehouseman, suddenly "passed out" and died at his place of employment. Appellants do not urge that the board could not find that decedent's work activities in the two hours preceding his death were strenuous and required more than normal exertion (e.g., *Matter of Woodworth* v. *County of Onondaga*, 20 A D 2d 945, mot. for lv. to app. den. 14 N Y 2d 489). Rather, they assert that there is only "sheer speculation" by the medical experts as to causal relationship between decedent's death and his work activities. Admittedly, the fact that no autopsy was performed, probably precludes absolute certainty as to the cause of decedent's death, but this, of course, would not prevent an award if there is responsible medical proof to support the board's finding (*Matter of Gordon* [*Ficke*] v. *Theodore Ficke, Inc.*, 15 A D 2d 849). Here Dr. Wally, claimant's medical expert, stated "That this man died of occlusive coronary arteriosclerosis and probably fatal coronary insufficiency" which he directly attributed to claimant's work effort on the morning of October 25, 1962 and Dr. Fischl, the impartial specialist designated by the board, in his testimony essentially supported this position. Both experts admitted that other possibilities existed and that claimant's underlying condition could possibly have resulted in his death in bed, but both, despite rigorous cross-examination, stuck to their opinions of causal relationship here and even the appellants' expert did not deny that the work activity could possibly have been a causative factor. We cannot under the circumstances here involved construe the reluctance of Dr. Wally and particularly Dr. Fischl to state their conclusions categorically or with absolute certainty as fatal. (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414; *Matter of Benenati* v. *Tin Plate Lithographing Co.*, 29 A D 2d 805.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.