Bernard S. Meyer, J.
When a pedestrian is knocked down and run over by a hit-and-run vehicle and then run over by a second hit-and-run vehicle following immediately behind the first, does his administratrix have one cause of action or two against the Motor Vehicle Accident Indemnification Corporation? Nothing in article 17-A of the Insurance Law precisely answers that question, but the fact that section 618, which establishes procedure for “ hit and rim ” cases, speaks of “ a motor vehicle ” rather than “ a motor vehicle or motor vehicles ” and that subdivision (b) of section 608, governing notice of intention to sue, refers to “ a cause or causes of action because of death or bodily injury, arising out of a motor vehicle accident ” (emphasis supplied), while not determinative of the question, suggests the absence of any legislative purpose to limit a qualified person (or his personal representative) to one cause of action when two motor vehicles by separate contacts cause his injury or death or his injury and death. Furthermore, we may assume legislative awareness of decisional law holding that each driver is responsible only for the injuries which he caused if the injuries can be separately ascertained (Larsen v. Clark, 283 App. Div. 1064, affd. 308 N. Y. 995) but requiring that both respond in damages for the entire injury if the jury is unable to ascertain which vehicle caused which injury (Hawkes v. Goll, 256 App. Div. 940, affd. 281 N. Y. 808; Hill v. Edmonds, 26 A D 2d 554; Musgrave v. Williams, 239 App. Div. 802; see Ann. 100 ALR 2d 16).
But, says the MVAIC, subdivision (a) of section 619 provides that with respect to “ Any judgment obtained against the corporation in an action brought under section six hundred eighteen * * # the corporation [must] * * * pay to the plaintiff in the action, the amount thereof which does not exceed ten thousand dollars, exclusive of interest and costs, on account of injury to, or death of, one person ”. The court need not now pause to inquire concerning the significance, if any, of the fact that in subdivision (a) of section 610 the words “ one person ” are followed by “ in any one accident ” whereas the words “ one person ” in subdivision (a) of section 619 are not so modified, nor need it now consider whether the definition of ‘ ‘ accident ’ ’ adopted as a matter of insurance contract interpretation in *485 Johnson Corp. v. Indemnity Ins. Co. (7 N Y 2d 222); (see, also, Allied Grand Doll Mfg. Co. v. Glole Ind. Co., 15 A D 2d 901) should be applied in interpreting the Motor Vehicle Accident Indemnification Corporation Law, if it be assumed that subdivision (a) of section 619 was intended to parallel subdivision (a) of section 610. It will be time enough to pass on those questions when the administratrix has recovered judgment against one or both of the hit-and-run drivers and application is made under section 619 for an order directing payment, at which time all of the facts will be before the court, and through use of written interrogatories the jury’s determination concerning which car caused which injury or its inability so to determine will be known. For the present the court need go no further than to hold that since sections 608 and 618 of the law are broad enough to permit separate actions against the corporation with respect to each of the two drivers, since it is possible that judgments may be returned in the two actions for separate injuries, or as to one for injury and as to the other for additional injuries and death, and since the $10,000 “ one person ” limitation in section 619 relates only to “ Any judgment * * * in an action ’ ’, the administratrix should not now be prevented from bringing separate actions with respect to each of the two hit-and-run drivers. Settle order granting permission accordingly.