■ In the Matter of STATE-WIDE INSURANCE COMPANY, Appellant, v. WILLIAM LANG et al., Respondents.— Order of the Supreme Court, Queens County, dated December 29, 1967, which denied an application to stay arbitration reversed, on the law, with $10 costs and disbursements, and proceeding remanded to the Special Term for a hearing in accordance with the views herein stated. The findings of fact have not been affirmed. The arbitration sought to be stayed was demanded by respondents pursuant to the terms of an automobile accident indemnification endorsement contained in the contract of insurance between petitioner, State-Wide, and respondent William Lang. The papers before Special Term raised a factual issue concerning the existence of a collision between the vehicle of an insured motorist, one Meyer, and an unidentified motor vehicle which left the scene after allegedly causing the Meyer vehicle to collide with the Lang vehicle (Insurance Law, § 167, subd. 2-a; *Motor Vehicle Acc. Ind. Corp.* v. *Eisenberg*, 18 N Y 2d 1). Special Term should not have resolved that issue by relying solely upon the papers before it; nor should petitioner have been permitted to attempt to prove the collision between the Meyer and the unknown vehicles by the submission of hearsay statements in the form of police aided cards and a letter from Meyer's insurer (*Sicora* v. *Government Employees Ins. Co.*, 29 A D 2d 525; *Matter of Braddy* [*Continental Ins. Co.*], 29 A D 2d 523). Respondents' right to arbitration

under the endorsement is not conditioned upon their prior prosecution of an action against the insured motorist, Meyer (*Matter of Powers* [*Continental Ins. Co.*], 29 A D 2d 1041). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.