James H. Boomer, J.
The petitioner, Insurance Company of North America, brings this special proceeding to stay arbitration under the terms of an uninsured motorist endorsement in an automobile liability policy issued to the respondent’s intestate.
Respondent’s intestate, James Stewart, was injured when his automobile was successively struck by two other automobiles. He was traveling westerly on a public highway when an automobile operated by Theodore Paniccia, Jr., traveling in an easterly direction, crossed into the westbound lane and struck *497 his automobile head-on. Within minutes thereafter an automobile operated by Lanzo Streeter traveling in a westerly direction struck the Stewart vehicle. Stewart was seriously injured and was taken to the hospital where, a month later, he died.
Respondent settled with Paniccia and received from Paniccia’s insurance company the sum of $20,000 being the full amount of the coverage under the policy.
The owner and driver of the Streeter automobile were uninsured, this fact having been established in a prior declaratory judgment action. Respondent filed a demand with Stewart’s insurance company for arbitration under the terms of the uninsured motorist endorsement of the policy issued to Stewart. Petitioner contends that its application to stay arbitration must be granted for two reasons: (1) the respondent breached the condition of the policy that requires prior consent of petitioner to any settlement and (2) the $20,000 received in settlement must be applied against the limits of liability under the uninsured motorist endorsement, thereby extinguishing all liability.
1. The petitioner, by previously denying liability, has waived its right to require consent to the settlement with Paniccia. "It is well settled that, at least after a denial of liability by an insurer, the insured may enter into a settlement with a third party without prejudicing its rights against the insurer.” (Bunge Corp. v London & Overseas Ins. Co., 394 F2d 496, 497; see, also, Matter of Vanguard Ins. Co. [Polchlopek], 18 NY2d 376.) It is not denied by petitioner that prior to the settlement petitioner refused to accept liability under the uninsured motorist endorsement, taking the position that the Streeter automobile was not uninsured since the insurance policy issued to Mr. Streeter had not been effectively canceled. The refusal of the petitioner to accept liability under the policy excused the respondent from seeking consent to the settlement.
2. The uninsured motorist endorsement provides that the limit of liability for damages for bodily injury by one person in one accident is $10,000, and any amount payable "shall be reduced by (1) all sums paid to one or more insureds on account of such bodily injury by or on behalf of (a) the owner or operator of the uninsured automobile and (b) any other person or persons jointly or severally liable together with such owner for such bodily injury.”
Petitioner Insurance Company of North America contends *498 that Streeter, the uninsured motorist whose automobile was the second to strike the Stewart automobile, was severally liable together with Paniccia, who has paid $20,000, and therefore the limits of Insurance Company of North America’s liability under the policy ($10,000) must be reduced by the $20,000 payment by Paniccia, leaving no liability.
Assuming both were negligent, are Streeter and Paniccia severally liable for the injuries sustained by the decedent Stewart?
Where the negligent act of a driver in the first collision is the natural and proximate cause of the second collision, the driver in the first collision is not only responsible for the injuries sustained in the first collision, but is also responsible for the injuries sustained in the second collision (Larsen v Clark, 283 App Div 1064, affd 308 NY 995). In that case, if the driver in the second collision is also negligent, he is responsible along with the first driver for the injuries sustained in the second collision (Prosser, Torts [4th ed], p 320). If that is found by the trier of the facts to be the case here, Paniccia, the driver in the first collision, will be severally liable along with the uninsured motorist Streeter for the injuries sustained by Stewart in the second accident. In such case, if the trier of the facts is able to distinguish the injuries received by Stewart in each accident, then it should separate the damages sustained in each accident and apply the $20,000 received from Paniccia, first to the damages sustained in the first accident and the balance, if any, to the damages sustained in the second accident and deduct that balance from the amount payable under the uninsured motorist endorsement.
Where the negligent act of the driver in the first collision is not the natural and proximate cause of the second collision and the driver in the second collision is negligent, then each driver is liable only for damages for the injuries he caused (Larsen v Clark, supra). If the trier of the facts determines that the negligent acts of Paniccia were not the natural and proximate cause of the second accident, and it is able to distinguish the injuries received in each accident, then Paniccia will be liable only for the injuries sustained by Stewart in the first accident and he will not be severally liable with Streeter. In that case no deduction may be made from the amount payable under the uninsured motorist endorsement by reason of the $20,000 payment made by Paniccia.
Where a person receives injuries in separate collisions *499 which occur close together in time and place and the injuries received in each collision cannot be distinguished, then the negligent drivers in each collision are responsible for the entire injuries (Hawkes v Goll, 256 App Div 940, affd 281 NY 808; 1 NY PJI 2d 661; Prosser, Torts [4th ed], pp 315-316). If, here, the trier of the facts determines that the injuries sustained in each collision cannot be distinguished, then Paniccia and Streeter will be severally liable for all of the injuries that may have been sustained in both the first and the second collision. The payment of $20,000 made by Paniccia must then be deducted from the amount payable under the uninsured motorist provision of the policy issued by petitioner.
Respondent contends that if the $20,000 payment made by Paniccia is to be deducted, it should be deducted from the amount of the damages found by the arbitrators and not from the limits of liability contained in the uninsured motorist endorsement. Thus, if the arbitrators find that the amount of damages sustained by respondent are, say, $50,000, then the damages should be reduced by the amount paid by Paniccia and since the amount of $30,000 would be in excess of the coverage, then the respondent would be entitled to an award in the full amount of the limit of liability which is $10,000. As authority for this, respondent cites Michigan Mut. Liab. Co. v Karsten (13 Mich App 46). The reasoning of this case is that the insuring clause of the endorsement obligates the insurer company "To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * including death” (p 49) and that the clause (p 51) "Any amount payable * * * shall be reduced by” modifies the obligation to pay in the preceding clause and not the limit of liability. While this may be a logical construction if these clauses are read apart from other provisions of the endorsement, it is not when they are read together with the provision regarding subrogation. Condition 8 of the standard form provides that if the insurance company makes payment to the insured under the uninsured motorist endorsement, "The company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made.” If the respondent had not received the settlement proceeds from *500 Paniccia, and the petitioner had paid the limits of its policy to the respondent, then the petitioner would have been able to proceed against Paniccia as a person "legally responsible for the bodily injury because of which” it made payment and would be entitled to the proceeds of any settlement or judgment up to the sum of $10,000 (McGee v Horvat, 23 AD2d 271).
Read together, the provisions requiring reduction of the amount payable and the indemnity provision show an intent that the amount of the prior payment by a person severally liable with the uninsured motorist shall be deducted from the amount of the award made by the arbitrators, and not from the amount of the damages sustained by the insured. The amount "payable under the terms of this endorsement”, in this sense, is the amount of the damages sustained not to exceed the limits of liability. This is the holding of the New York Court of Appeals. In Matter of Napolitano (MVAIC) (21 NY2d 281, 285), the Court of Appeals, in dealing with another part of the same condition which requires that the "amount payable” be reduced by the amount of workman’s compensation benefits received by the insured, held that those benefits "must be deducted from any award made under the endorsement”. Since those benefits exceeded $10,000, the amount of the limits of liability under the uninsured motorist endorsement, the Court of Appeals held that no award could be made by the arbitrators and arbitration was stayed.
Issues of fact may exist as to whether Paniccia and the uninsured motorist are severally liable for the damages caused to respondent and, if they are, as to the amount of damages for which Paniccia alone may be responsible. Should these issues be determined in court or before the arbitrators? The Court of Appeals has held that the jurisdiction of the arbitrators "is limited to the fact question of fault and damages.” (Matter of Napolitano [MVAIC], supra, p 284.) I assume the term "fault and damages” means the fault of the uninsured motorist and the damages caused by the uninsured motorist and not any issues of fault of Paniccia nor the damages caused by him.
Respondent’s attorney has indicated that he may not be able to distinguish the injuries caused by each collision. If he concedes this, judgment may be entered staying arbitration. If he does not, the questions of fact must be determined at a trial term of this court.