THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLETTE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Stark, J.), rendered November 23, 1979, convicting him of manslaughter in the first degree (to cover Indictment Nos. 2224/78 and 1313/78), upon his plea of guilty, and imposing sentence. The judgment brings up for review the denial, after a hearing, of defendant's motion to suppress his statements to the police and to an Assistant District Attorney. Judgment reversed, on the law, defendant's motion is granted, the plea is vacated, and the case is remitted to the Supreme Court, Suffolk County, for further proceedings on Indictment Nos. 1313/78 and 2224/78. When the police arrested defendant for the crimes charged in Indictment No. 2224/78, they knew that he was represented by an attorney with respect to Indictment No. 1313/78. Accordingly, the statements which they elicited from defendant, and the statements subsequently elicited by an Assistant District Attorney, must be suppressed (see *People v Rogers,* 48 NY2d 167). Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY GASKIN, Appellant, v DAVID R. HARRIS, as Superintendent of Green Haven Correctional Facility, Respondent. — Appeal by petitioner from a judgment of the Supreme Court, Dutchess County (Quinn, J.), dated February 5, 1980, which, upon his failure to appear for trial, dismissed his petition to review a determination of a prison adjustment committee. Appeal dismissed, without costs or disbursements. The judgment appealed from is in the nature of a default judgment from which no appeal lies (see CPLR 5511). In any event, the proceeding was properly dismissed since petitioner failed to exhaust his administrative remedies under 7 NYCRR 252.6 and 270.1. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.