■ In the Matter of MOSES CURETON, Appellant, v C. AMERENA, Respondent. — Judgment of the Supreme Court, Dutchess County (Nastasi, J.), dated June 21, 1983, affirmed, without costs or disbursements. (See *Matter of Patterson v Smith,* 53 NY2d 98; *People ex rel. Gaskin v Harris,* 87 AD2d 642.) Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.

■ In the Matter of ELECTRIC INSURANCE COMPANY, Respondent, v OLIS WOODS et al., Appellants. — In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Suffolk County (Burke, J.), dated June 6, 1983, which granted the application. ¶ Judgment reversed, on the law, with costs, and matter remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith. ¶ Olis and Sarah Woods were involved in a three-car accident on August 26, 1982. Claiming that one of the other vehicles involved in the accident was uninsured, they demanded arbitration under the uninsured motorist indorsement of their own policy. Special Term granted the carrier's application to stay arbitration because it was undisputed that one of the other vehicles involved in the accident was covered by insurance. We reverse. ¶ The fact that there is an insured tort-feasor does not bar the appellants from obtaining uninsured motorist benefits under their own policy if one of the vehicles involved in a multivehicle collision is uninsured (see *Matter of O'Brien [Aetna Cas. & Sur. Co.],* 33 AD2d 1085 [Cooke, J.]; *Matter of State-Wide Ins. Co. v Lang,* 30 AD2d 974; *Matter of Powers [Continental Ins. Co.],* 29 AD2d 1041, mot for lv to app den 22 NY2d 645). Nonetheless, the only proof submitted as to noncoverage consists of a letter from a carrier stating that the policy was canceled. This does not constitute sufficient proof of cancellation (*Matter of State-Wide Ins. Co. v Lang, supra*). Therefore, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing on that issue (see *Nassau Ins. Co. v Minor,* 72 AD2d 576; cf. *Matter of Utica Mut. Ins. Co. [Bodie — Nationwide Mut. Ins. Co.,* 100 AD2d 592). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.

■ In the Matter of WESTCHESTER ROCKLAND NEWSPAPERS, INC., Respondent, v MICHAEL A. FISCHER, as Records Access Officer of the White Plains Housing Authority, et al., Appellants. — In a CPLR article 78 proceeding to compel the production of certain records of the White Plains Housing Authority, the appeals are from (1) an order of the Supreme Court, Westchester County (Cerrato, J.), entered May 6, 1983, which granted the petition and (2) a judgment of the same court, entered May 23, 1983 upon the order. ¶ Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). ¶ Judgment affirmed. No opinion. ¶ Petitioner is awarded one bill of costs. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BATTLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered November 25, 1981, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.