*457 OPINION OF THE COURT
Stanley L. Sklar, J.
The issue raised is whether the holdings in earlier court decisions, that passengers in an insured auto could not be deprived of uninsured motorist benefits by a livery cab exclusion in the owner’s liability policy, should be extended to include policies in which the exclusion is also set forth in the uninsured motorist endorsement. This court holds that the passenger’s uninsured motorist coverage benefits are not nullified by placement of the exclusion in the uninsured motorist endorsement. Accordingly, Liberty Mutual Insurance Company’s application for an order staying arbitration is denied and the petition is dismissed since respondents are covered by the uninsured motorist endorsement contained in the policy which Liberty Mutual issued to its named insured.
Respondents were passengers in a car owned and operated by John Karim. The car was insured by petitioner, Liberty Mutual Insurance Company. It is undisputed that Karim was at the time of the accident using the car as a livery conveyance. According to Hogan the car in which she was a passenger went through a stop sign without stopping and crashed into the car owned by Jeannette Williams and operated by Frank Venable, which car was traveling down the cross street which was not controlled by any stop sign or traffic light.
Respondents then demanded arbitration from Liberty Mutual under the uninsured motorist endorsement of Karim’s car since Liberty Mutual disclaimed liability on the ground that Karim was using his vehicle as a livery conveyance, a use which was excluded under the liability policy. Liberty Mutual now seeks to stay arbitration on the grounds that a claim for uninsured motorist benefits is inappropriate because the car owned by Jeannette Williams has insurance and because the Liberty Mutual policy’s uninsured motorist endorsement, as opposed merely to the liability portion of the policy (cf., Eveready Ins. Co. v Asante, 153 AD2d 874 [2d Dept 1989]), specifically excludes coverage for bodily injury sustained by a person occupying a covered car when it is used to carry people for a fee. Liberty also asserts that the validity of the livery exclusion is supported by 11 NYCRR 60.2 (a) which provides that a policy of liability insurance can exclude a covered vehicle while it is used as a public conveyance or livery conveyance.
The court does not agree with petitioner’s assertions. First, *458 that Jeannette Williams’ car may have insurance is irrelevant (Electric Ins. Co. v Woods, 101 AD2d 840 [2d Dept 1984]) especially since, if respondents’ allegations that the Williams vehicle was not at fault are true, respondents will be unable to recover from Williams’ carrier. Accordingly, respondents can make a claim against the insurer of the car in which they were passengers. This is true notwithstanding the language contained in the Liberty Mutual uninsured motorist endorsement which purports to delete from its definition of uninsured motor vehicles those owned by the named insured. (Matter of Knickerbocker Ins. Co. [Faison], 22 NY2d 554 [1968], cert denied 393 US 1055.)
Second, the court does not find that the exclusion for livery conveyances permitted under 11 NYCRR 60.2 (a) is applicable since that rule refers only to the " 'policy of liability insurance’ ” (emphasis added), and not to the uninsured motorist endorsement which "exist[s] independently from the standard policy”. (Matter of Knickerbocker Ins. Co. [Faison], supra, at 558.) In addition, a livery conveyance exclusion under the uninsured motorist endorsement is contrary to the legislative intent since every person transporting passengers for hire in any motor vehicle must have a bond or insurance policy that contains uninsured motorist coverage pursuant to Insurance Law § 3420 (f). (See, Vehicle and Traffic Law § 370 [l][b].)
Finally, enforcement of the livery exclusion contained in the Liberty Mutual uninsured motorist endorsement would be contrary to Insurance Law § 3420 (f) (1) which provides that such coverage applies to "an insured motor vehicle where the insurer disclaims liability or denies coverage”, precisely the scenario in this case. Moreover, enforcement of the livery exclusion would be inconsistent with the strong public policy underlying statutes providing for uninsured motorist coverage, namely protecting innocent injured victims of automobile accidents against financially irresponsible motorists, and providing their victims with compensation for their injuries. (Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818.) Their protection cannot depend on the happenstance of the portions of an insurance policy in which a livery cab exclusion is set forth.
Accordingly, the application to stay arbitration is denied and the petition is dismissed.