■ DALE L. HOLLENBACK, Appellant, v BENJAMIN L. LAUGH-LIN, Respondent. [605 NYS2d 580] —Mercure, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered June 2, 1992 in Schuyler County, which granted defendant's motion for summary judgment awarding him possession of certain real property, (2) from the judgment entered thereon, and (3) from an order of said court, entered July 22, 1992 in Schuyler County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced an action for specific performance of a September 21, 1990 contract for the purchase of a residence owned by defendant in the Town of Dix, Schuyler County. The purported contract provided, among other things, for an $85,-000 purchase price and credited plaintiff with a $25,000 cash down payment. In his amended answer, defendant alleged a different written contract executed September 21, 1990, stating the same $85,000 sale price but crediting plaintiff with only a $5,000 nonrefundable down payment. This contract also provided for plaintiff's interim occupancy of the premises at a monthly rental of $600. The amended answer sought, *inter alia,* dismissal of the complaint and relief from plaintiff's notice of pendency.

Defendant also brought an RPAPL article 7 proceeding against plaintiff in County Court of Schuyler County seeking possession of the premises and unpaid rent in the amount of $2,400. Although the record does not set forth the order of removal, it appears that the summary proceeding was removed to Supreme Court and joined with the action commenced by plaintiff pursuant to CPLR 602 (b). Based upon plaintiff's repeated failure to produce the original of the contract alleged in his complaint or to document his claimed payment of the $20,000 additional down payment, Supreme Court granted defendant partial summary judgment in the action dismissing the complaint and canceling the notice of pendency; in the proceeding, Supreme Court granted judgment in favor of defendant. Supreme Court further refused to issue

an order to show cause bringing on plaintiff's subsequent motion for renewal. Plaintiff appeals.

We affirm. Defendant supported his motions for summary judgment in the action and proceeding with competent evidence of the authenticity of the contract alleged by defendant and plaintiff's payment of only $5,000 toward the purchase price of the premises. The burden thus shifted to plaintiff to come forward with competent evidence of the genuineness of the contract alleged by him and of his payment of the additional $20,000 (see, Place v Grand Union Co., 184 AD2d 817; Mastan Co. v Weil, 84 AD2d 657, 659). In response, plaintiff came forward with only his own affidavit stating in conclusory terms the proof he proposed to produce at trial. This is clearly insufficient (see, Place v Grand Union Co., supra; Hass v Town of Orangetown, 163 AD2d 726, 728, lv dismissed 77 NY2d 893). Further, in view of plaintiff's failure to provide an excuse for his default in timely producing competent evidence in opposition to defendant's showing, there was no merit to his subsequent motion for renewal (see, Foley v Roche, 68 AD2d 558, 568). Plaintiff's remaining contentions have been considered and rejected.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the orders and judgment are affirmed, with costs.