■ FANNIE BORTLE, Respondent, v PRON COMPANY, INC., Appellant. [610 NYS2d 668] —Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 30, 1993 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff is the sole officer and director of defendant. She operates defendant's businesses, a stenographic reporting service and real estate agency, out of her personal residence, which is titled in the name of defendant. Plaintiff commenced this action to recover for personal injuries she sustained when she fell in her kitchen, alleging that defendant "was grossly negligent in causing to be placed in a grossly dangerous and hazardous manner a telephone extension cord on the floor of the kitchen" of the residence. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant now appeals.

We reverse. In plaintiff's deposition testimony, presented by defendant in support of the motion, she acknowledged that she had no idea how a telephone extension cord came to be on her kitchen floor. She saw no such cord prior to the accident and had no telephone in the kitchen. The only telephone on the first floor of the residence was the business telephone located in the office, just off the kitchen. At the time of the accident, plaintiff and a social guest, Dorothy Walters, had just finished dinner when Walters went into the office to use the telephone and plaintiff got up from the table to go close the oven door. In the process, plaintiff tripped over what she later concluded was a telephone extension cord. Notably, plaintiff was unable to identify the cord as one owned by defendant and acknowledged that no other employee of defendant had been on the premises for hours prior to the accident.

This testimony satisfied the prima facie showing required to warrant judgment in favor of defendant as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320, 325), thereby shifting the burden to plaintiff. The affidavits of plaintiff and Walters submitted in response to the motion supplied no further competent factual averments, and plaintiff's conclusory allegations that an unnamed employee of defendant placed the dangerous telephone cord on the floor and that "a material witness * * * will be subpoenaed at the trial to testify to the above facts" are of no probative value (see, Hollenback v Laughlin, 200 AD2d 800, 801). Plaintiff having failed to satisfy her burden of "produc[ing] evidentiary proof

in admissible form sufficient to require a trial of material questions of fact" *(Zuckerman v City of New York,* 49 NY2d 557, 562), Supreme Court should have granted defendant's motion and dismissed the complaint.

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.