■ EDWARD WIWIGAC et al., Appellants, v LYNN E. SNEDAKER et al., Defendants, and WALTER RONFELDT et al., Respondents. [723 NYS2d 248] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered June 1, 2000 in Broome County, which granted motions by defendants Walter Ronfeldt and Charles Emerick for summary judgment dismissing the complaint against them.

Plaintiff Edward Wiwigac (hereinafter plaintiff) sustained the injuries forming the basis for this action in a multivehicle chain-reaction collision that occurred at approximately 4:00 P.M. on June 23, 1998 in the eastbound lanes of State Route 17 in the Town of Vestal, Broome County. As defendant Charles Emerick approached a bridge spanning the Susquehanna River, his vehicle began to buck; by the time Emerick reached the middle of the bridge, the motor was stalling and then quit. After making several unsuccessful efforts to restart the car, Emerick left on foot to contact the police.

Shortly thereafter, a series of vehicles came along in the right eastbound lane—a Ford van driven by defendant Claude Rudolph, a Ford Taurus station wagon driven by defendant Lynn E. Snedaker, a Chevrolet Chevette driven by plaintiff and a GMC pickup truck driven by defendant Walter Ronfeldt.* The relatively undisputed deposition testimony of those defendants indicates that each of them originally intended to pass Emerick's vehicle on the left but that safe access to the left lane was prevented by an overtaking tractor-trailer. As a result, Rudolph was forced to bring his vehicle to a complete stop in the right driving lane, which he was able to do at a point approximately 100 feet short of the Emerick vehicle.

---

* Although the police accident report indicates the involvement of yet a fifth vehicle, owned and operated by Richard Price, we find no competent evidence in the record to support that view.

Snedaker was nearly able to bring his vehicle to a safe stop, but he came in contact with the rear of the Rudolph vehicle while traveling at a speed of less than 5 miles per hour. The impact was slight and caused neither vehicle to move. Plaintiff's situation was somewhat more serious. He too was unable to come to a stop, but he struck the Snedaker vehicle with such force that its front end was driven under the rear of the Rudolph vehicle and plaintiff's vehicle was caused to spin 180 degrees, so that it came to rest facing backwards. Plaintiff's vehicle was thereafter struck by the Ronfeldt vehicle. Although plaintiff did not initially realize that he had been injured in the accident, he soon discovered that he had fractured his right knee.

Following joinder of issue and discovery, Rudolph, Emerick and Ronfeldt each separately moved for summary judgment dismissing the complaint and all cross claims against them. The complaint and all cross claims against Snedaker, Rudolph and defendant Rose Rudolph were dismissed without opposition. By separate order, Supreme Court addressed the merits of the remaining motions and granted summary judgment in favor of Ronfeldt and Emerick and dismissed the complaint against them. Plaintiffs appeal.

We affirm. Initially, we conclude that Supreme Court did not err in dismissing the complaint against Emerick. On appeal, plaintiffs contend only that the existence of a factual issue as to whether Emerick activated his emergency flashers precludes an award of summary judgment in Emerick's favor. We disagree. As correctly observed by Supreme Court, Rudolph's ability to observe Emerick's abandoned vehicle in sufficient time to come to a complete stop with 100 feet to spare entirely eliminates the absence of emergency flashers as a proximate cause of any of the collisions (see, Masone v Westchester County, 229 AD2d 657). In our view, the speculation of plaintiffs' counsel that, had Snedaker seen emergency flashers, he may have begun braking earlier and, had Snedaker begun braking earlier, plaintiff may also have begun braking earlier, fails to identify a genuine factual issue.

Plaintiffs' contentions concerning their cause of action against Ronfeldt are somewhat more problematic. On his summary judgment motion, Ronfeldt makes no claim that he was not negligent or that his negligence was not a proximate cause of the collision between his vehicle and plaintiff's. Rather, relying upon plaintiff's deposition testimony to the effect that he had no idea whether he sustained his injuries when he ran into the back of the Snedaker vehicle or when Ronfeldt's vehi-

cle ran into his, Ronfeldt predicates his motion upon plaintiff's inability to establish that Ronfeldt's negligence was a competent producing cause of his injuries. Plaintiffs, on the other hand, contend, first, that Ronfeldt's analysis improperly shifts the burden on the summary judgment motion to them and, second, that because plaintiff's injuries resulted from the negligence of concurrent tortfeasors, plaintiffs have no burden to establish which of the tortfeasors actually caused the injury (*see, Slater v Mersereau*, 64 NY 138; *Hawkes v Goll*, 256 App Div 940, *affd without opn* 281 NY 808; *Matter of Thompson v MVAIC*, 57 Misc 2d 483). Although both of plaintiffs' contentions have some superficial appeal, they do not withstand careful analysis.

First, although there can be no question that a defendant moving for summary judgment has the initial burden of coming forward with evidentiary proof in admissible form warranting the court as a matter of law in directing judgment in his or her favor (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; CPLR 3212 [b]), that burden can be satisfied—as it was in this case—by a tender of deposition testimony evidencing the plaintiff's inability to prove an element of his or her cause of action against the defendant (*see, e.g., Sellars v Redondo*, 270 AD2d 407; *Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384; *Wright v Rite-Aid of NY*, 249 AD2d 931; *Bortle v Pron Co.*, 203 AD2d 779, *lv denied* 84 NY2d 803).

Second, plaintiffs' concurrent liability analysis fails to account for the fact that, following the dismissal of the complaint against all other defendants, Ronfeldt is the only defendant who may be charged with liability for either of plaintiff's collisions. With but one defendant, the legal underpinning for the concurrent liability rule espoused by plaintiffs, the joint and several liability of joint tortfeasors, each of whom is found to have been negligent, disappears (*compare, Ravo v Rogatnick*, 70 NY2d 305; *Hawkes v Goll, supra*). It is our view that, under the circumstances present in this case, i.e., plaintiff was involved in two successive accidents, with plaintiff being prima facie liable for the first and Ronfeldt for the second (*see, Masone v Westchester County, supra*, at 658), the appropriate rule of law is that set forth by the Court of Appeals in *Ingersoll v Liberty Bank* (278 NY 1): "Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused

the injury" (*id.*, at 7 [citations omitted]; *see, Bernstein v City of New York*, 69 NY2d 1020; *Lynn v Lynn*, 216 AD2d 194).

For the reasons stated, we conclude that Supreme Court did not err in granting summary judgment in favor of Emerick and Ronfeldt.

Cardona, P. J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.