*431 OPINION OF THE COURT
Herbert Kramer, J.
Does an individual who was knocked down by a hit-and-run driver and then hit by an insured driver a short time later have the right to sue Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) on her claim against the hit- and-run driver?
Petitioner administrator seeks leave to sue MVAIC for the conscious pain and suffering and wrongful death of the decedent asserting that the decedent, a pedestrian, was knocked down by an unknown vehicle as she was crossing the street. The Motor Vehicle Accident Indemnification Corporation responds saying that the decedent was actually hit by two vehicles, in succession, one of which was identified.[1] This identified vehicle had insurance and thus MVAIC argues that the petition should be denied because one of the offending vehicles was insured.
There are a number of cases deciding our question in the affirmative where a carrier seeks to stay the arbitration of an uninsured motorist provision.
In Matter of O’Brien (Aetna Cas. & Sur. Co.) (33 AD2d 1085 [3d Dept 1970]), an identified and insured motorist “struck two boys lying on the pavement, or their prone bodies . . . [and] [a]n investigating officer reported that ‘there [wa]s a strong possibility that the bodies were run over before and/or after by another vehicle or vehicles.’ ” (Id. at 1085.) However, the medical examiner found that the death was caused by a single impact. The O’Brien Court was asked to decide whether arbitration of the uninsured motorist endorsement in the policy issued to the decedent’s mother was barred under these facts. The Court held that
“[t]he mere fact that the [identified] vehicle, admittedly insured, was involved did not create an issue of fact barring arbitration as the statute clearly contemplates an independent recovery, within the prescribed monetary limitations, on account of the negligent operation of the unidentified automobile, even though there is also an identified and insured tort-feasor.” (Id.)
In another instance, there was a three-car accident, with one of the vehicles allegedly uninsured, while another of the vehicles *432 was covered by insurance. The Court held that “[t]he fact that there is an insured tort-feasor does not bar appellants from obtaining uninsured motorist benefits under their own policy if one of the vehicles involved in a multivehicle collision is uninsured.” (Matter of Electric Ins. Co. v Woods, 101 AD2d 840 [2d Dept 1984].)
Then there are those cases where the accident involved three cars with one car, the uninsured car, allegedly colliding with the insured vehicle and propelling it into the claimant’s vehicle. In these cases the carrier made the claim that arbitration should be stayed because there was a known and identified tortfeasor. (Matter of State-Wide Ins. Co. v Lang, 30 AD2d 974 [2d Dept 1968]; Matter of Powers [Continental Ins. Co.], 29 AD2d 1041 [3d Dept 1968].) This assertion was rejected by the Court in Powers, holding that the “statute clearly contemplates an independent recovery, within the prescribed monetary limitations, on account of the negligent operation of the unidentified automobile” (id. at 1041); and in Lang (at 974-975), the Court opined that “[Respondents’ right to arbitration under the endorsement is not conditioned upon their prior prosecution of an action against the insured motorist.”
All of the above cases address uninsured motorist endorsements imported into policies pursuant to the provisions of Insurance Law § 3420 (f) (1) and (2). However, this court has not been able to find any case factually on point where the issue is permission to sue MVAIC pursuant to Insurance Law § 5201 et seq[2]
Nonetheless, this court does not believe that it needs to chart its own course in this area and instead holds that the above- *433 cited cases deciding questions of stays of arbitration involving uninsured motorist provisions in private insurance contracts under Insurance Law § 3420 (f) (1) and (2) are equally applicable to petitions to sue MVAIC under the MVAIC Act.
It has long been held that the “MVAIC Act and Insurance Law §§ 3420 (f) (1) and (2) . . . are in pari materia and should be read together.” (Matter of Fireman’s Fund Ins. Co. v Wisham, 6 Misc 3d 1017EA], 2005 NY Slip Op 50091CU], *8 [Sup Ct, NY County 2005]; see also Richter v Vitale, 59 Misc 2d 374 [Sup Ct, Erie County 1969].) Indeed, a brief review of the evolution of these provisions supports this principle.
“In 1956, New York became the second American jurisdiction to require automobile owners to carry liability insurance. It soon became clear, however, that compulsory liability insurance could not solve the problems posed by uninsured and hit-and-run drivers. Thus, the Insurance Law was amended to require liability policies to include an uninsured motorists endorsement providing benefits in these situations {see, former Insurance Law § 167[2-a], recodified as § 3420 [f] [1]).
“Even then, however, mandatory insurance would occasionally fail ‘to accomplish its full purpose of securing to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them’. For example, pedestrians struck by an uninsured, judgment-proof driver would not have a source of recovery. Accordingly MVAIC was created to ‘close the gaps’ in insurance. “MVAIC ‘provide [s] persons injured by financially irresponsible motorists a fund from which they could seek some compensation for their injuries’. Each automobile insurance company, as a condition of doing business in this State, is required to become a member of MVAIC and fund its operations in proportion to the amount of business it does.
“The MVAIC scheme sets up mutually exclusive categories of ‘qualified persons’ and ‘insureds’. ‘Insureds’ are persons for whom uninsured motorist coverage is available {see, Insurance law § 5202 [i]); these people are expected to recover under their policies and not from the MVAIC. A ‘[qualified person’ is a resident of this State who is not an insured or an owner of an uninsured vehi *434 cle (see, Insurance Law § 5202 [b] [i]). Qualified persons may file claims with the MVAIC arising out of accidents caused by the owner or operator of an uninsured [or hit-and-run] motor vehicle.” (Matter of Liberty Mut. Ins. Co. [Hogan], 82 NY2d 57, 63-64 [1993] [citations omitted].)
Indeed, as a matter of public policy, it has been observed that “the legislative purpose in establishing the MVAIC was to afford the injured person the same protection he would have if the tort-feasor were covered by insurance and that the statute should be liberally construed to serve rather than defeat those ends.” (Matter of Dixon v Motor Veh. Acc. Indem. Corp., 56 AD2d 650, 651 [2d Dept 1977].) Therefore it would be against public policy and in defiance of the legislative purpose to deny the petitioner herein the opportunity to sue MVAIC while under the same facts persons claiming under a uninsured motorist provision would be able to pursue their claims.
Accordingly, the petition to bring an action against the MVAIC is hereby granted.

. MVAIC also claims that the application was defective in that certain information was not supplied. That information has subsequently been provided.

. There was seemingly only one case where permission to sue MVAIC was at issue, however there the circumstances were that two hit-and-run vehicles hit the pedestrian-victim in succession and the question was whether the administratrix had one cause of action or two against MVAIC. (See Matter of Thompson v Motor Veh. Acc. Indem. Corp., 57 Misc 2d 483 [Sup Ct, Kings County 1968].) The Thompson court, interpreting the provisions of the former statutes (Insurance Law § 608 [b]; § 618), held that the statutory language,
“while not determinative of the question, suggests the absence of any legislative purpose to limit a qualified person (or his personal representative) to one cause of action when two motor vehicles by separate contacts cause his injury or death or his injury and death. Furthermore, we may assume legislative awareness of decisional law holding that each driver is responsible only for the injuries which he caused if the injuries can be separately ascertained but requiring that both respond in damages for the entire injury if the jury is unable to ascertain which vehicle caused which injury.” (Thompson at 484.)